# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JACK BUTLER, JR.,[1] § 
§ No. 658, 2015
    Petitioner Below, §
    Appellant, § Court Below—Family Court of
§ State of Delaware in and for
v. § New Castle County
§
JESSICA LYNN EVANS, § File No.     CN14-04998
§ Pet. Nos.     15-10762
    Respondent Below, §     15-10766
    Appellee. §

Submitted: April 15, 2016
Decided: June 14, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

## ORDER

This 14th day of June 2016, upon consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1) The parties, Jack Butler, Jr. and Jessica Lynn Evans, are the parents of a child born in 2011. On January 30, 2015, following a hearing on Butler's and Evans' cross-petitions for protection from abuse ("PFA"), the Family Court issued a Consent Order without a finding of abuse. The Consent Order provided, in relevant part, that Butler and Evans agreed to stay 100 yards away from each other and to not contact each other in any way. The Consent Order also granted Evans

---

[1] By Order dated November 5, 2015, the Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

visitation, on a temporary basis, subject to the filing of a petition for visitation for a full determination on the merits. Under the Consent Order, Evans was to have visitation with the child every weekend, from Saturday at 9:00 a.m. through Sunday at 6:00 p.m. The child's paternal grandmother was to facilitate the child's pick-up and drop-off.

(2)    On April 17, 2015, Butler filed a motion for contempt of the Consent Order and a motion to "modify, extend or vacate" the Consent Order. In the motion for contempt, Butler alleged that Evans showed up at his house on Saturday, April 11, 2015, in violation of the Consent Order. In the motion to "modify, extend or vacate," Butler asked the court to dismiss a prior order finding him in contempt of the Consent Order and to modify the Consent Order so that the terms of Evans' visitation—specifically, where and with whom the visitation could take place— reflected the intent of the parties on January 30, 2015.

(3)    On May 4, 2015, Butler and Evans appeared before a Commissioner for a hearing on Butler's motions. At the conclusion of the hearing, the Commissioner issued orders denying the motions.

(4)    Butler filed a request for review of the Commissioner's orders. After reviewing the May 4, 2015 hearing transcript, the Family Court issued an order dated December 1, 2015, affirming the denial of the motions and entering the

2

Commissioner's orders as the final orders of the court. On the motion for contempt, the Family Court ruled:

> The Commissioner correctly found after that hearing that [Evans] did not violate the PFA because, although she was at [Butler's] home on 4/11/15 with the police, it was because [Butler] had not arranged visitation with the paternal grandmother as mandated by the PFA. [Butler] admitted at the hearing that he would not allow the child to visit that day and that he was with her at the park instead of having her ready for [Evans'] visitation.

On the motion to modify, the court ruled:

> The Court also affirms the Commissioner's denial of [Butler's] request for Modification of Visitation. First, it is now moot because the cross Consent PFAs were eventually amended by agreement of the parties on 6/15/15 so they are consistent with the 1/30/15 temporary contact order and the matter was again addressed in this Court's 7/29/15 Order. Nevertheless, on 5/4/15, before the matter was moot, the Commissioner correctly declined to grant [Butler's] Petition to Modify Visitation because the parties could not agree on how to modify it.

(5)    When a party files a timely request for review of a Commissioner's order, the Family Court must conduct a *de novo* review of the record to determine if the Commissioner's order should be accepted, rejected, or modified.[2] This Court's review of a Family Court order, including an order on a request for review of a Commissioner's order, extends to the facts and the law as well as to the

---

[2] 10 *Del. C.* § 915(d)(1).

3

inferences and deductions made by the trier of fact.[3]  If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[4]  When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact.[5]

(6)  Having carefully considered the parties' submissions on appeal and the Family Court record, including the transcript of the hearing on May 4, 2015, we conclude that the Family Court did not err or abuse its discretion when it affirmed the denial of Butler's motions and accepted the Commissioner's orders as the final orders of the court.  The Family Court properly concluded that there was support in the record for the Commissioner's determination that Evans was not in contempt of the Consent Order and that, at the time of the hearing on May 4, 2015, Butler and Evans could not agree on how to modify the Consent Order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[3] *Kraft v. Mason*, 2010 WL 5341918 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).

[4] *King v. Booker*, 2015 WL 4985367 (Del. Aug. 20, 2015) (citing *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991)).

[5] *Wheatley v. Wheatley*, 1996 WL 145975 (Del. Mar. 21, 1996) (quoting *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979)).

4